IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-1720-MDB

JANE DOE.

      Plaintiff,

v.

JOSEPH G. TYSK,

      Defendant.

---

## VERIFIED ANSWER AND COUNTERCLAIMS

---

      Defendant, Joseph G. Tysk ("Defendant") by and through his counsel Robinson & Henry, PC submits this Answer and Counterclaims, and states as follows:

### ANSWER

1.      Defendant admits the allegations in paragraph 1 of Plaintiff's Complaint.

2.      Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3.      The allegations in paragraph 3 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. Defendant denies the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations in paragraph 5 of Plaintiff's Complaint.

6.      Defendant denies the allegations in paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint.

8.      Defendant is without knowledge or information sufficient to respond to the

allegations in paragraph 8 of Plaintiff's Complaint.

9.      The allegations in paragraph 9 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint.

### Parties

10.     Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies the allegations in paragraph 11 of Plaintiff's Complaint.

### Jurisdiction and Venue

12.     The allegations in paragraph 12 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint.

13.     The allegations in paragraph 13 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint.

14.     The allegations in paragraph 14 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant is not contesting jurisdiction and venue.

### Factual Allegations

15.     Defendant admits the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17.     With respect to the allegations in paragraph 17 of Plaintiff's Complaint, Defendant denies the Plaintiff's characterization of his height and weight and is without knowledge or information sufficient to respond to the remaining allegations in paragraph 17 of Plaintiff's

Complaint.

18.     With respect to the allegations in paragraph 18 of Plaintiff's Complaint, Defendant admits that he and Plaintiff moved from the District of Columbia to southern Italy in 2014. Defendant denies the remaining allegations in paragraph 18 of Plaintiff's Complaint.

19.     With respect to the allegations in paragraph 19 of Plaintiff's Complaint, Defendant admits that Plaintiff became pregnant with their twin daughters while they resided in Italy in 2014, and that Defendant was aware that Plaintiff suffers from various medical conditions contributing to complications with her pregnancies. Defendant is without knowledge or information sufficient to respond to the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20.     With respect to the allegations in paragraph 20 of Plaintiff's Complaint, Defendant admits that he and Plaintiff were staying at a hotel around the first week of September 2014. Defendant denies the remaining allegations in paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Paragraph 24 of Plaintiff's Complaint does not state any allegations to which a response is required. Additionally, Paragraph 24 of Plaintiff's Complaint also calls for legal conclusions to which no response is required at this time. Moreover, Plaintiff appears to be improperly attempting to assert allegations which are the subject of expert testimony only and which allegations should be struck from the Plaintiff's Complaint. To the extent a response is required, Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits the allegations in paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34.     With respect to the allegations in paragraph 34 of Plaintiff's Complaint, Defendant admits that Plaintiff filed for a civil protection order, but later dismissed it; and that Defendant left the home and Plaintiff and Defendant formally separated. The remaining allegations in paragraph 34 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant is without knowledge or information sufficient to respond to the remaining allegations in paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.     Defendant admits the allegations in paragraph 39 of Plaintiff's Complaint.

40.     Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 40 of Plaintiff's Complaint.

41.     Defendant is without knowledge or information sufficient to respond to the

allegations in paragraph 41 of Plaintiff's Complaint.

42.     With respect to the allegations in paragraph 42 of Plaintiff's Complaint, Defendant admits that his Kasadie.com profile included a profile picture and states that resides in Colorado Springs and is 43 years old and included two "exclusive" photos and four "private" photos. Defendant is without knowledge or information sufficient to respond to the remaining allegations in paragraph 42 of Plaintiff's Complaint.

43.     Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 43 of Plaintiff's Complaint. Defendant denies posting or sharing any private, intimate images of Plaintiff to anyone or on any websites.

44.     Paragraph 44 of Plaintiff's Complaint does not state any allegations to which a response is required. Additionally, Paragraph 44 of Plaintiff's Complaint also calls for legal conclusions to which no response is required at this time. Moreover, Plaintiff appears to be improperly attempting to assert allegations which are the subject of expert testimony only and which allegations should be struck from the Plaintiff's Complaint. To the extent a response is required, Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 44 of Plaintiff's Complaint. Defendant denies all allegations of domestic or sexual abuse and specifically denies using image-based sexual abuse to perpetrate any acts of domestic violence against Plaintiff.

45.     Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 45 of Plaintiff's Complaint.

## Legal Claims

### FIRST CAUSE OF ACTION
(15 U.S.C. § 6851 – Civil Action Relating to Disclosure of Intimate Images)

46.     Defendant incorporates by reference all of the previous responses to the

allegations in Plaintiff's Complaint as if fully set forth herein.

47.     Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.

49.     Defendant did not disclose image(s) of Plaintiff and therefore consent from Plaintiff was not necessary, as alleged in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

52.     The allegations in paragraph 52 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief as alleged in paragraph 52 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
(Violation of Colorado's Uniform Civil Remedies for Unauthorized Disclosure of Intimate Images Act, C.R.S. § 13-21-1401 et seq.)

53.     Defendant incorporates by reference all of the previous responses to the allegations in Plaintiff's Complaint as if fully set forth herein.

54.     Defendant denies the allegations in paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations in paragraph 55 of Plaintiff's Complaint.

56.     The allegations in paragraph 56 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant denies the allegations in paragraph 56 of Plaintiff's Complaint.

57.     Defendant did not disclose any image of Plaintiff and therefore consent from Plaintiff was not necessary, as alleged in paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations in paragraph 59 of Plaintiff's Complaint.

60.     The allegations in paragraph 60 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief as alleged in paragraph 60 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION
(Extreme and Outrageous Conduct)

61.     Defendant incorporates by reference all of the previous responses to the allegations in Plaintiff's Complaint as if fully set forth herein.

62.     The allegations in paragraph 62 of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.

65.     Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 65 of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION
(Assault)

66.     Defendant incorporates by reference all of the previous responses to the allegations in Plaintiff's Complaint as if fully set forth herein.

67.     Defendant denies the allegations in paragraph 67 of Plaintiff's Complaint.

68.     Defendant denies the allegations in paragraph 68 of Plaintiff's Complaint.

69.     Defendant denies the allegations in paragraph 69 of Plaintiff's Complaint.

70.     Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 70 of Plaintiff's Complaint.

### FIFTH CAUSE OF ACTION
(Battery)

71.     Defendant incorporates by reference all of the previous responses to the allegations in Plaintiff's Complaint as if fully set forth herein.

72.     Defendant denies the allegations in paragraph 72 of Plaintiff's Complaint.

73.     Defendant denies the allegations in paragraph 73 of Plaintiff's Complaint.

74.     Defendant denies the allegations in paragraph 74 of Plaintiff's Complaint.

75.     Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 75 of Plaintiff's Complaint.

76.     The allegations in the Prayer for Relief paragraph of Plaintiff's Complaint call for a legal conclusion to which no response is required at this time. To the extent a response is required, Defendant denies the allegations in the Prayer for Relief paragraph of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

77.     If applicable, this action may not be brought in the name of the real party in interest as to all claims.

78.     Plaintiff's claims fail to state a claim upon which relief can be granted.

79.     Plaintiff's claims may be barred by the applicable statute of limitations.

80.     Plaintiff has failed to mitigate her damages, if any.

81.     Plaintiff's claims may be barred due to waiver, estoppel, laches, consent, authorization, license and/or approval.

82.     Plaintiff's claims for non-economic losses, to the extent recoverable under Plaintiff's remaining claims, are limited by the provisions of C.R.S. § 13-21-102.5.

83.     The liability, if any, of Defendant may be barred or limited by Plaintiff's comparative negligence, assumption of risk, and/or intentional act per C.R.S. § 13-21-111, C.R.S.

§ 13-21-111.7, or any other provision of Colorado law.

84.     The liability, if any, of Defendant may be barred or limited because Defendant was acting in self-defense at the time of the incidents alleged in Plaintiff's Complaint.

85.     Defendant reserves the right to list additional defenses following discovery and investigation.

## JURY DEMAND

86.     Defendant respectfully requests a jury trial on all such triable issues.

## VERIFIED COUNTERCLAIMS

### Parties and Venue

1.      At all relevant times, Counterclaim Plaintiff, Joseph Tysk ("Counterclaim Plaintiff") has been a resident of El Paso County, Colorado.

2.      At all relevant times, Counterclaim Defendant, Jane Doe ("Counterclaim Defendant") has been a resident of El Paso County, Colorado.

3.      This Court has supplemental jurisdiction over Counterclaim Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

4.      Venue in this district is appropriate pursuant to 28 U.S.C. § 1391 as Counterclaim Defendant resides in this district and venue is appropriate in any district in which a defendant resides.

### Factual Allegations

5.      Counterclaim Plaintiff and Counterclaim Defendant were married in 2013.

6.      Counterclaim Plaintiff and Counterclaim Defendant are presently separated and are in the process of obtaining a divorce in El Paso County, Colorado District Court Case number 2023DR30742.

7.      On or about April 3, 2021, Counterclaim Defendant returned to the marital home located at 2430 Linenhall Ct., Colorado Springs, CO 80920 (the "Home") she shared with Counterclaim Plaintiff after going out drinking with a friend(s).

8.      While out with the friend(s), Counterclaim Defendant sent Counterclaim Plaintiff offensive text messages between midnight and two o'clock in the morning which clearly indicated to Counterclaim Plaintiff that she was intoxicated.

9.      Counterclaim Defendant was visibly intoxicated upon her arrival at the Home and verbally acknowledged that she drank alcohol and then drove her friend's car home because her friend was too drunk to drive.

10.     After returning to the Home, Counterclaim Defendant without provocation began an argument with Counterclaim Defendant.

11.     In the course of the April 3, 2021 argument, Counterclaim Defendant became physical and violent and began physically hitting and/or trying to physically hit Counterclaim Plaintiff.

12.     Counterclaim Plaintiff defended himself from the aggressive attacks upon his person by restraining Counterclaim Defendant's arms in order to try and protect himself from harm.

13.     Counterclaim Plaintiff was harmed by the physical attacks initiated by Counterclaim Defendant.

14.     Counterclaim Defendant's mother, Carol Tysk, and father, Joseph Tysk, were present during the physical altercation and witnessed Counterclaim Defendant verbally assaulting as well as physically hitting and trying to hit Counterclaim Plaintiff in front of at least one of the children.

15.     On or about August 2022, Counterclaim Defendant initiated another argument with Counterclaim Plaintiff without provocation.

16.     In the course of the August 2022 argument, Counterclaim Defendant again turned verbally and physically assaultive and Counterclaim Defendant became physical and violent and began verbally assaulting as well as physically hitting and trying to physically hit Counterclaim Plaintiff in the presence of all of the children.

17.     Counterclaim Plaintiff defended himself from the aggressive attacks upon his person in order to try and protect himself from harm.

18.     Counterclaim Plaintiff was harmed by the physical attacks initiated by Counterclaim Defendant.

19.     Counterclaim Defendant's mother, father, brothers, Matthew and Nicholas Tysk, and sister-in-law, Brianne Tysk, were present during the physical altercation and witnessed Counterclaim Defendant verbally assaulting and physically hitting and/or trying to hit Counterclaim Plaintiff.

20.     On or around September 29, 2023, Counterclaim Defendant contacted Counterclaim Plaintiff's employer, the United States Navy Reserve ("Navy Reserve"), and falsely and derogatorily reported allegations of domestic violence against her by Counterclaim Plaintiff.

21.     As a result of Counterclaim Defendant's report to the Navy Reserve, the incident was reported to Counterclaim Plaintiff's commanding officer on September 29, 2023, who instituted an investigation into the allegations made by Counterclaim Defendant.

22.     The report and investigation resulted in a hold being placed on Counterclaim Defendant's pending promotion and also resulted in his security clearance being suspended.

23.     On November 14, 2023, the Navy Reserve issued a final report on its investigation noting that they "did not find evidence of domestic violence." *See* **Exhibit A – November 14, 2023 Email**.

24.     On or about March 4, 2024, Counterclaim Defendant contacted Colorado Springs Police Department ("CSPD") to report the alleged crime that Counterclaim Plaintiff posted a private image of Counterclaim Defendant for the purpose of harassment in violation of C.R.S. § 18-7-107(1)(a) and criminal invasion of privacy in violation of C.R.S. § 18-7-801(1). *See* **Exhibit B – March 4, 2024 Colorado Springs Police Department Initial Case Report**.

25.     Counterclaim Defendant falsely and derogatorily stated to the responding CSPD Officer that the private image was a photograph of Counterclaim Defendant and Counterclaim Plaintiff engaged in sexual intercourse which Counterclaim Plaintiff had allegedly posted on a private subscription based online dating website which permitted the disclosure of subscribers' intimate images.

26.     The private image in question is a photograph of Counterclaim Plaintiff engaged in sexual intercourse with another woman, who is not Counterclaim Defendant.

27.     Contrary to Counterclaim Defendant's erroneous allegations, the private image does not contain any identifying information of who the parties engaged in the sexual intercourse are or could be. There are no faces or identifying marks contained in the private image from which either party could reasonably be identified or inferred.

28.     Counterclaim Defendant knew, or reasonably should have known, that the private image was not of herself, but rather was a photograph of another woman, and acted without good faith in falsely reporting this alleged incident to CSPD.

29.     The CSPD officer noted in her report that the private image did not "show any

specific identifying marks" and that there was "no way to directly identify [Counterclaim Defendant] or [Counterclaim Plaintiff] as the individuals in this specific photo." *See* **Exhibit B**.

30.     The CSPD officer noted that no further investigation was anticipated. *See* **Exhibit B**.

31.     After investigating the incident, the responding CSPD officer did not charge Counterclaim Plaintiff with any crime and did not write Counterclaim Plaintiff any ticket or warning with respect to the allegedly disclosed private image.

32.     On or around June 24, 2024, Counterclaim Defendant again contacted Counterclaim Plaintiff's employer, the Navy Reserve, and falsely and derogatorily reported allegations of domestic violence against her by Counterclaim Plaintiff and/or the alleged disclosure of a private intimate image of Counterclaim Defendant by Counterclaim Plaintiff. *See* **Exhibit C – July 18, 2024 Department of the Navy Letters**.

33.     The Navy Reserve's investigation of Counterclaim Defendant's false and derogatory allegations is ongoing and has caused damage to Counterclaim Plaintiff including irreparable harm to his professional reputation and career trajectory, including but not limited to a delay and possible denial in his scheduled promotion.

34.     Counterclaim Defendant's assault and battery and defamatory statements against Counterclaim Plaintiff have caused damages to Counterclaim Plaintiff, including but not limited to physical and mental harm, the delay of his promotion, embarrassment amongst his peers and in the community, injury to his personal and professional reputations, damage to his relationship with his children, and suspension of his security clearance which will cause additional harm to Counterclaim Plaintiff's career and career opportunities.

**FIRST COUNTERCLAIM FOR RELIEF**
**(Assault)**

35. Counterclaim Plaintiff incorporates by reference all of the previous allegations in this Counterclaim as if fully set forth herein.

36. On or about April 4, 2021, Counterclaim Defendant knowingly and intentionally caused an offensive or harmful physical contact with Plaintiff when she physically hit and attempted to hit Counterclaim Plaintiff.

37. In or around August 2022, Counterclaim Defendant knowingly and intentionally caused an offensive or harmful physical contact with Plaintiff when she physically hit and attempted to hit Counterclaim Plaintiff.

38. Counterclaim Defendant's actions placed Counterclaim Plaintiff in apprehension of immediate physical harm.

39. Counterclaim Defendant's assault of Counterclaim Plaintiff was harmful and offensive.

40. As a direct and proximate result of Counterclaim Defendant's actions, Counterclaim Plaintiff has suffered injuries, damages, and losses, including but not limited to, past and future damages, past and future non-economic damages, and past and future physical impairment damages. Counterclaim Plaintiff claims all costs of suit and litigation, pre-filing interest, pre-judgment interest, and post-judgment interest.

## SECOND COUNTERCLAIM FOR RELIEF
### (Battery)

41. Counterclaim Plaintiff incorporates by reference all of the previous allegations in this Counterclaim as if fully set forth herein.

42. On or about April 4, 2021, Counterclaim Defendant knowingly and intentionally caused an offensive or harmful physical contact with Plaintiff when she physically hit and attempted to hit Counterclaim Plaintiff.

43.     Counterclaim Defendants actions on April 4, 2021 resulted in physical contact with Counterclaim Plaintiff.

44.     In or around August 2022, Counterclaim Defendant knowingly and intentionally caused an offensive or harmful physical contact with Plaintiff when she physically hit and attempted to hit Counterclaim Plaintiff.

45.     Counterclaim Defendants actions in or around August 2022 resulted in physical contact with Counterclaim Plaintiff.

46.     Counterclaim Defendant intended to make the aforementioned harmful or offensive contact with Counterclaim Plaintiff.

47.     Counterclaim Defendant's battery of Counterclaim Plaintiff was harmful and offensive.

48.     As a direct and proximate result of Counterclaim Defendant's actions, Counterclaim Plaintiff has suffered injuries, damages, and losses, including but not limited to, past and future damages, past and future non-economic damages, and past and future physical impairment damages. Counterclaim Plaintiff claims all costs of suit and litigation, pre-filing interest, pre-judgment interest, and post-judgment interest.

### THIRD COUNTERCLAIM FOR RELIEF
**(Defamation)**

49.     Counterclaim Plaintiff incorporates by reference all of the previous allegations in this Counterclaim as if fully set forth herein.

50.     On or before September 29, 2023, Counterclaim Defendant contacted Counterclaim Plaintiff's employer, the United States Navy Reserve ("Navy Reserve"), and falsely and derogatorily reported allegations of domestic violence against her by Counterclaim Plaintiff either verbally and/or in writing.

51.     On or about March 4, 2024, Counterclaim Defendant contacted Colorado Springs Police Department ("CSPD") to report either verbally and/or in writing the alleged crime that Counterclaim Plaintiff posted a private image of Counterclaim Defendant for the purpose of harassment in violation of C.R.S. § 18-7-107(1)(a) and criminal invasion of privacy in violation of C.R.S. § 18-7-801(1). *See* **Exhibit B**.

52.     On or around June 24, 2024, Counterclaim Defendant again contacted Counterclaim Plaintiff's employer, the Navy Reserve, and falsely and derogatorily reported allegations of domestic violence against her by Counterclaim Plaintiff and/or the alleged disclosure of a private intimate image of Counterclaim Defendant by Counterclaim Plaintiff. *See* **Exhibit C.**

53.     Counterclaim Defendant falsely and derogatorily stated either verbally and/or in writing to the responding CSPD Officer and the Navy Reserve that the private image was a photograph of Counterclaim Defendant and Counterclaim Plaintiff engaged in sexual intercourse which Counterclaim Plaintiff had allegedly posted on a private subscription based online dating website which permitted the disclosure of subscribers' intimate images.

54.     Additionally, Counterclaim Defendant has falsely and derogatorily stated, verbally and/or in writing, various narratives to her family members, including the Parties' children, neighbors, children's therapists and counselors, friends, the Parties' children's friends and their parents, and the Parties' children's teachers that Counterclaim Plaintiff has committed domestic violence against her and/or posted a private intimate image of Counterclaim Plaintiff and Counterclaim Defendant engaged in sexual intercourse onto the internet.

55.     Counterclaim Defendant published the false verbal and/or written statements regarding the alleged disclosure of an intimate image of Counterclaim Defendant and the alleged

domestic violence to CSPD, the Navy Reserve, her family members, including the Parties' children, neighbors, children's therapists and counselors, friends, the Parties' children's friends and their parents, and the Parties' children's teachers.

56.     The false verbal and/or written statements regarding the alleged disclosure of an intimate image of Counterclaim Defendant and the alleged domestic violence were about the Counterclaim Plaintiff.

57.     The substance and gist of the verbal and/or written statements made by Counterclaim Defendant were false at the time they were published and were not made in good faith.

58.     At the time Counterclaim Defendant made the verbal and/or written statements, she knew the statements were false and made the statements with reckless disregard as to whether they were false.

59.     The false statements regarding the alleged disclosure of an intimate image of Counterclaim Defendant and the alleged domestic violence have caused Counterclaim Plaintiff actual damages.

60.     As a direct and proximate result of Counterclaim Defendant's actions, Counterclaim Plaintiff has suffered injuries, damages, and losses, including but not limited to, past and future damages, past and future non-economic damages. Counterclaim Plaintiff claims all costs of suit and litigation, pre-filing interest, pre-judgment interest, and post-judgment interest.

## FOURTH COUNTERCLAIM FOR RELIEF
### (Negligence Per Se – Filing False Report in Violation of C.R.S. § 18-8-111)

61.     Counterclaim Plaintiff incorporates by reference all of the previous allegations in

this Counterclaim as if fully set forth herein.

62.     On or about March 4, 2024, Counterclaim Defendant contacted Colorado Springs Police Department ("CSPD") to report the alleged crime that Counterclaim Plaintiff posted a private image of Counterclaim Defendant for the purpose of harassment in violation of C.R.S. § 18-7-107(1)(a) and criminal invasion of privacy in violation of C.R.S. § 18-7-801(1). *See* **Exhibit B**.

63.     Counterclaim Defendant knew that the intimate image was not of her and that the alleged harassment and invasion of privacy did not occur.

64.     As such, Counterclaim Defendant violated C.R.S. § 18-8-111.

65.     C.R.S. § 18-8-111 was enacted to prevent the injuries which could be caused by false reporting to authorities.

66.     C.R.S. § 18-8-111 was enacted to protect persons such as Counterclaim Plaintiff from false reporting to authorities.

67.     As a direct and proximate result of Counterclaim Defendant's actions, Counterclaim Plaintiff has suffered injuries, damages, and losses, including but not limited to, past and future damages, past and future non-economic damages. Counterclaim Plaintiff claims all costs of suit and litigation, pre-filing interest, pre-judgment interest, and post-judgment interest

### FIFTH COUNTERCLAIM FOR RELIEF
### (Malicious Prosecution)

68.     Counterclaim Plaintiff incorporates by reference all of the previous allegations in this Counterclaim as if fully set forth herein.

69.     On or before September 29, 2023, Counterclaim Defendant contacted Counterclaim Plaintiff's employer, the Navy Reserve, and falsely and derogatorily reported allegations of domestic violence against her by Counterclaim Plaintiff.

70.     On November 14, 2023, the Navy Reserve issued a final report in favor of Counterclaim Plaintiff on its investigation noting that they "did not find evidence of domestic violence." *See* **Exhibit A**.

71.     No probable cause existed with regard to Counterclaim Defendant's false and derogatory report to the Navy Reserve of alleged domestic violence against her by Counterclaim Plaintiff.

72.     Counterclaim Defendant acted with malice in falsely and derogatorily reporting allegations of domestic violence against her by Counterclaim Plaintiff to the Navy Reserve.

73.     As a direct and proximate result of Counterclaim Defendant's actions, Counterclaim Plaintiff has suffered injuries, damages, and losses, including but not limited to, past and future damages, past and future non-economic damages. Counterclaim Plaintiff claims all costs of suit and litigation, pre-filing interest, pre-judgment interest, and post-judgment interest.

WHEREFORE, Counterclaim Plaintiff respectfully requests that judgment enter against Counterclaim Defendant and for Counterclaim Plaintiffs as follows:

a.     An award of damages to Defendants-Counterclaim Plaintiffs in an amount to be proven at trial;

b.     For all attorney's fees and costs associated with bringing this action pursuant to Colorado law; and

c.     For such other and further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

**Counterclaim Plaintiff respectfully requests a jury trial on all such triable issues.**

DATED this 31st day of July, 2024.

**ROBINSON & HENRY, PC**

*/s/ Andrew B. Lintner*
Andrew B. Lintner, Esq.
Gabriel Montalvo, Esq.
Robinson & Henry, P.C.
8000 S Chester St, #125
Centennial, CO 80112
Phone: 303.688.0644
andrew.lintner@robinsonandhenry.com
gabriel.montalvo@robinsonandhenry.com

## **VERIFICATION**

STATE OF COLORADO     )
                      ) ss.
COUNTY OF __El Paso__   )

       I, Joseph Tysk, being of lawful age and being first duly sworn upon my oath, affirm and state that I am the Defendant-Counterclaim Plaintiff named in the foregoing Verified Answer and Counterclaims ("Verified Answer and Counterclaims"), that I have read the statements and allegations contained in said Verified Answer and Counterclaims and know the contents thereof, and that the same is true to the best of my knowledge and belief.

_____
*Joseph Tysk*

Joseph Tysk

       The foregoing instrument was acknowledged before me this __31__ day of July 2024.

Witness my hand and official seal.

My commission expires: __4/26/2028__

_____
Notary Public

HEATHER K. JACOBSON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20164015894
MY COMMISSION EXPIRES APR. 26, 2028

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the above and foregoing **VERIFIED ANSWER AND COUNTERCLAIMS** was filed and served electronically via CM/ECF on this 31st day of July 2024, to the following:

**ALM Law, LLC**
***Allison Mahoney (CO Bar No. 57677)***
Mailing Address:
PO Box 5520
Snowmass Village, CO 81615
Street Address:
220 W. Main Street, Ste. 101
Aspen, CO 81611
E-mail: allison@almlawllc.com
Attorney for Plaintiff

**ROBINSON & HENRY, P.C.**

By: */s/ Heather Jacobson*
Heather Jacobson, Paralegal
Robinson & Henry, P.C.
2 North Cascade Avenue, Suite 1000
Colorado Springs, CO 80903
Phone: 303.688.0644
Fax: 303.284.2942
heather.jacobson@robinsonandhenry.com

# Signature Certificate

Reference number: SPBDG-DZH33-YCXRY-8QITP

| Signer | Timestamp | Signature |
|---|---|---|

**Joseph Tysk**
Email: joseph.tysk@gmail.com

| | |
|---|---|
| Sent: | 31 Jul 2024 22:44:27 UTC |
| Viewed: | 31 Jul 2024 22:44:31 UTC |
| Signed: | 31 Jul 2024 22:44:42 UTC |

**Recipient Verification:**

| | |
|---|---|
| ✔Email verified | 31 Jul 2024 22:44:31 UTC |
| ✔Knowledge-Based (KBA) | 31 Jul 2024 22:36:02 UTC |
| ✔ID Verification | 31 Jul 2024 22:43:33 UTC |

*Joseph Tysk*

IP address: 75.71.16.193
Location: Colorado Springs, United States

**Heather Jacobson**
Email: heather.jacobson@robinsonandhenry.com

| | |
|---|---|
| Sent: | 31 Jul 2024 22:44:27 UTC |
| Viewed: | 31 Jul 2024 22:44:47 UTC |
| Signed: | 31 Jul 2024 22:45:37 UTC |

**Recipient Verification:**

| | |
|---|---|
| ✔Email verified | 31 Jul 2024 22:44:47 UTC |

IP address: 50.229.197.154
Location: Castle Rock, United States

Document notarized online using audio-video communication on:
31 Jul 2024 22:45:37 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature solution trusted by 50,000+ companies worldwide.

